FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 FEB 28 PM 3: 26
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TREADWAY, INC., as Insured and employer of BILLY RAY EARNEST, | } } } |
| Plaintiff, | } } |
| v. | } CASE NO. CV 96-B-1303-S } |
| GOODYEAR TIRE AND RUBBER COMPANY, INC., | } } } |
| Defendant. | } |

ENTERED

MAR 03 1997

## MEMORANDUM OPINION

This matter is before the court on plaintiff's Motion to Remand. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

Plaintiff Treadway, Inc. ("Treadway" or "plaintiff") filed this action in the Circuit Court of Jefferson County, Alabama on April 9, 1996. On May 17, 1996, defendant Goodyear Tire and Rubber Company, Inc. ("Goodyear" or "defendant") filed its notice of removal, alleging that jurisdiction of this matter is proper under 28 U.S.C. § 1332. (Def.'s Not. of Removal at ¶ 8.)

In its complaint, Treadway alleges that on or about October 10, 1993, one of its employees, Billy Ray Earnest ("Earnest"), was injured when a tire that was allegedly manufactured by Goodyear exploded while Earnest was filling it with air. (Compl. at ¶¶ 1 & 2.) As a result of the injuries he received from the explosion, Earnest filed a worker's compensation claim with Treadway, resulting in payments to Earnest by Treadway in the sum of $22,457.43. (Compl. at ¶ 1.) In an attempt to recover amounts it has paid Earnest under

the pertinent worker's compensation provisions, Treadway filed this action against Goodyear and a number of fictitious parties under ALA. CODE § 25-5-11. (Compl. at ¶ 1.)

## DISCUSSION

In its Motion to Remand, plaintiff maintains that this case does not belong in federal court because the amount in controversy does not exceed $50,000.[1] (Pl.'s Mot. to Remand at ¶ 2.) "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)). "The key requirement for removal is that the claim be within the federal court's *original*, not necessarily exclusive, jurisdiction." *Alexander by Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1220 (M.D. Ala. 1991). Where, as here, "a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement." *Tapscott*, 77 F.3d at 1357. Defendant has not satisfied this burden.

In the present case, plaintiff argues that the amount in controversy requirement of 28 U.S.C. § 1332 is not satisfied because "its claim for worker's compensation subrogation cannot exceed $50,000.00." (Pl.'s Mot. to Remand ¶ 2.) Defendant responds by stating that

---

[1] Effective January 17, 1997, the amount in controversy in diversity cases must exceed $75,000, exclusive of interest and costs. See Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847, 3850 (to be codified, as amended, at 28 U.S.C. § 1332). Because this action was filed and removed prior to this effective date, the amount in controversy must only exceed $50,000, exclusive of interest and costs.

"Alabama Code § 25-5-11, under which plaintiff filed this action, allows for the recovery not only of amounts actually paid, but additional amounts that could be recovered which the plaintiff would then hold in trust for the injured employee." (Def.'s Opp'n to Mot. to Remand at ¶ 2.) Although the court agrees that ALA. CODE § 25-5-11 allows the employer to recover and hold in trust for the employee amounts in addition to those actually paid, the court concludes that amounts which ultimately go to the employee, although initially recovered and held in trust by the employer, are not considered when evaluating whether the amount in controversy exceeds the jurisdictional minimum.

In *Ryan v. Flame Refractories, Inc.*, 759 F. Supp. 774 (S.D. Ala. 1991), the named plaintiff, Michael Ryan ("Ryan"), was injured while performing services for his employer, Inspection Services, Inc. ("Inspection"). *Id.* at 775. After Ryan's worker's compensation claim was settled, Inspection's worker's compensation carrier, American International Recovery, Inc. ("AIR"), sued Flame Refractories, Inc. ("Flame"), the company that allegedly manufactured and constructed a walkway which was asserted to be the instrumentality that caused Ryan's injury.[2] *Id.*

In an attempt to keep its case in federal court, AIR argued that, because ALA. CODE § 25-5-11(d) allows an employer to recover and hold in trust for the employee any excess of what it has paid, the court should consider that sum for the purpose of determining the amount in controversy. *Ryan*, 759 F. Supp. at 777. The court disagreed, stating that "AIR may not rely on amounts in excess of what *it as the real party in interest* may recover for the purpose

---

[2] In *Ryan*, although Michael Ryan was the named plaintiff, the court held that AIR was the real party in interest. *Ryan*, 759 F. Supp. at 776-77.

3

of establishing that the jurisdictional amount is in controversy." *Id.* Stated differently, "AIR may rely on the alleged value of the claim Ryan could have brought against Flame only to the extent of its subrogation interest therein." *Id.* Consequently, because ALA. CODE § 25-5-11 only allowed AIR to recover the amount it had paid Ryan, $10,538.00, only that sum could be considered for purposes of determining whether the requisite amount in controversy had been satisfied. *Id.* Based on this analysis, the court dismissed the case for want of subject matter jurisdiction. *Id.* 778. Because the court agrees with the approach taken by the court in *Ryan*, it will only consider the amount of compensation paid by Treadway to Earnest in assessing the amount in controversy involved in this dispute.

Defendant cites several cases in support of its argument that "the jurisdictional amount in controversy is determined at the time of removal of the action to Federal Court and a later-filed stipulation to less than the minimum amount in controversy is ineffective to defeat the Court's jurisdiction." (Def.'s Opp'n to Mot. to Remand at ¶ 4 (citing *Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994)). Assuming without deciding that a later-filed stipulation to less than the jurisdictional minimum is ineffective to defeat diversity jurisdiction, the court need not look to the "later-filed stipulation" to determine whether defendant has satisfied its burden. In its complaint, plaintiff states that "Treadway . . . paid on behalf of Billy Ray Earnest and/or to Billy Ray Earnest the sum of $22,457.43 and brings this action by way of statutory subrogation under Alabama Code Section 25-5-11." (Compl. at ¶ 1.) Given that any potential recovery plaintiff makes, if any, on behalf of Earnest should not be considered in determining the amount in controversy, *see Ryan*, 759 F. Supp. at 777,

4

defendant has failed to meet its burden of demonstrating that it is more likely than not that the amount in controversy exceeds $50,000.

## CONCLUSION

Based upon the foregoing analysis, the court holds that plaintiff's Motion to Remand is due to be granted. An Order granting plaintiff's motion shall be entered contemporaneously herewith.

DONE this 28th day of February, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge